**KRIS A. MCLEAN**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2nd Floor
Missoula, MT 59802
Phone: (406) 542-8851
FAX: (406) 542-1476
Email: Kris.McLean@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

**FILED**

NOV 21 2014

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 14-13-M-JCL |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| MR ASPHALT, INC., | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Kris A. McLean, Assistant United States Attorney for the District of Montana, and the defendant, MR Asphalt, Inc., and its attorney, John E. Smith, have agreed upon the following:

| KAM | MR Asphalt, Inc. JES | 11-20-14 Date | Page 1 |

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to Count one of the Information, which charges the crime of Violation of Safety Standard Causing Death of an Employee. This offense carries a maximum punishment of a $500,000 fine, 5 years probation and a $100 special assessment.

3. **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by:

Rule 11(c)(1)(B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty because it is in fact guilty of the charge contained in Count one of the Information. In pleading guilty, the defendant acknowledges that:

First, the defendant, acting through its President-codefendant Martin Romano, willfully violated a safety standard; and,

Second, said violation resulted in the death of an employee.

5.  **Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement it gives under oath during the plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(d) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(e) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and its attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on its own behalf. If the witnesses for the defendant

KAM    MR Asphalt, Inc.    Date 11-20-14    Page 3

would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(f) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle him to reversal of the conviction.

The defendant understands that by pleading guilty pursuant to this agreement, it is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6. **Recommendations and Agreements:** The parties agree to recommend the Court sentence the defendant as follows:

Pay a fine in the amount of $3,750 and be placed on probation for a period of three years. The parties agree that conditions of probation should include: (1) the defendant pay restitution to the deceased employee's widow in the amount of $6,250; (2) defendant hire and retain a safety consultant to conduct a comprehensive safety and health survey of defendant's asphalt production plant in Corvallis, Montana. The consultant will evaluate defendant's existing safety and health programs, identify workplace hazards, assist in establishing injury and illness prevention programs, and provide advice on compliance with OSHA

standards. The consultant will prepare a written report and make recommendations for necessary changes to defendant's facility, which defendant agrees to make within ninety (90) days of receiving the report. The consultant will further conduct random, unannounced safety inspections and audits of the worksite to ensure compliance with company policies and procedures. Such audits will occur no less than two times per year for the period in which the defendant remains on probation. Defendant agrees to correct any hazardous conditions identified by the consultant within thirty (30) days of completion of the safety audit. Not less than once per year, the consultant will provide comprehensive annual refresher training for employees and managers of defendant, including informational and instructional programs applicable to local working conditions. Successful completion of the training will be documented by retaining a list of employee(s) in attendance, the date and subject of the training, and any written materials provided during the training; (3) defendant will not commit any willful violations of the Occupational Safety and Health Act ("Act") and will continue its good-faith efforts to comply with provisions of the Act. OSHA may conduct inspections of defendant's work site to monitor compliance with this agreement and the requirements of the Act; and (4) defendant will permit the OSHA inspections without the necessity of obtaining an administrative warrant.

| KAM | MR Asphalt, Inc. | JES | Date 11-20-14 | Page 5 |

7. **Voluntary Plea:** The defendant and its attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

8. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

9. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

MICHAEL W. COTTER
United States Attorney

_____ for
KRIS A. MCLEAN
Assistant U.S. Attorney
Date: 11/21/14

_____
KAM    MR Asphalt, Inc.    Date: 11-20-14    Page 6

*[signature]*

MR ASPHALT, INC.
Defendant, by its representative [1]
Date: 11-20-14

*[signature]* for

JOHN E. SMITH
Defense Counsel
Date: 11-21-14

---

[1] Board of Directors resolution authorizing representative to enter this plea agreement attached hereto and made a part hereof.

| KAM | MR Asphalt, Inc. | | 11-20-14 Date | Page 7 |
|---|---|---|---|---|